VITTORIA PIANO CO., Inc., v. COLOM. (Supreme Court, Appellate Term, First Department. May 19, 1916.) Appeal from Municipal Court, Borough of Manhattan, Ninth District. Judgment for plaintiff, entered after the close of plaintiff's case, defendant having withdrawn because of remarks made by the court during trial, and defendant appeals. Affirmed.

PER CURIAM. The action was brought to foreclose a lien upon a musical instrument which had been sold to defendant upon the installment plan. After plaintiff had proved his case, the record discloses the following: "Defendant's Counsel: I move to strike out the last part of the answer. Motion granted. Defendant's Counsel: I ask the stenographer to take on the record your honor's remark asking the plaintiff's attorney whether he had a special form of judgment and that your honor would sign it to-day. The Court: I said, if I rendered judgment, I would sign it to-day. Defendant's Counsel: Your honor did not so state. I ask that it be put on the record the way I stated it, and that the plaintiff's attorney said that he would have to go down to his office and prepare it there, and I refuse to proceed any further in this case, on the ground that your honor has shown partiality toward the plaintiff. Plaintiff's Counsel: If the defendant refuses to proceed, we rest. The Court: Is there any defense? Defendant's Counsel: I have stated my position, your honor, and I ask that my remarks appear on the record. The Court: Judgment for the plaintiff." There is nothing in the record, other than the above-quoted portion, showing that the court was prejudiced. As matter of fact, the rulings of the court were largely in favor of defendant. The appellant makes this statement in his brief: "Considering the entire

atmosphere of the trial, by no stretch of the imagination can it be claimed that defendant did or could hope to receive the fair trial to which he was entitled, and that obviously the entire attitude of the trial justice was one of active partiality in favor of the plaintiff. * * * For this reason it was, and for no other, that the defendant, with his counsel and witnesses, left the court, because to have continued this mock trial would have been but to constitute themselves actors in a theatrical production, terminating according to the book." This in our opinion is an unjustifiable libel upon the court, and so far as the record discloses the conduct of the defendant's attorney has the appearance simply of being a trick and device to avoid the consequences of a trial. This court condemns the conduct of defendant's attorney, Samuel Schwartzberg, as an act unworthy of a member of the bar. There was no error sufficient to warrant a reversal. The judgment should be affirmed, with $25 costs.

COHALAN, J., concurring in the result.